IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RON ALLEN PEERSON                                                               PLAINTIFF

vs.                                    Civil No. 2:11-cv-02204

MICHAEL J. ASTRUE                                                              DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Ron Allen Peerson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed his DIB application on January 7, 2010.[2]  (Tr. 11, 136-142).  Plaintiff alleges being disabled due to the following:

> Arm, Neck, Back, Pain, Depression Claimant tore a muscle away from the bone in both arms which resulted in nerve reconstruction surgery.  Claimant has neck pain

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

[2] It appears Plaintiff at least attempted to also file an application for Supplemental Security Income ("SSI"). (Tr. 128-135).  Based upon the record and the ALJ's opinion, it appears this application did not go beyond the level of initial review.  Thus, this Court will not consider this SSI application.

>that causes migraines. Claimant has a disc herniation in lumbar spine which will require surgery. All of these health issues causes the claimant to be depressed. Arms neck lower back pain depression

(Tr. 169). Plaintiff claims these impairments result in the following limitations:

>Claimant cannot lift and carry anything due to the arm injuries. Claimant is unable to sit, stand or walk for long periods of time. The pain interferes with the claimant's concentration. The injuries have caused the claimant to become depressed. Claimant suffers from sleep deprivation, up and down all night.

*Id.* Plaintiff initially alleged an onset date of May 1, 2007, but he later amended that alleged onset date to July 29, 2009.[3] (Tr. 11). This application was denied initially and again upon reconsideration. (Tr. 73-74).

Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing request was granted. (Tr. 83-84, 96-119). Plaintiff's administrative hearing was held on March 30, 2011 in Fort Smith, Arkansas. (Tr. 27-72). Plaintiff was present and was represented by Fred Caddell. *Id.* Plaintiff and Vocational Expert ("VE") Montie Lumpkin testified at the hearing in this matter. *Id.*

On August 2, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 11-20). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2012. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 29, 2009, his amended alleged onset date. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the cervical, thoracic, and lumbar spine; cervical

---

[3] Plaintiff amended his alleged onset date to July 29, 2009 because this is Plaintiff's second application for disability, and he did not appeal the first denial. (Tr. 31). Thus, it appears he amended his alleged onset date to one day after the ALJ's unfavorable ruling on his prior application. *Id.*

radiculopathy; a history of right tennis elbow/cubital tunnel surgery; degenerative joint disease of the right shoulder; migraines; chronic bronchitis; and major depression. (Tr. 13, Finding 3). The ALJ determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13-14, Finding 4).

The ALJ determined Plaintiff was thirty-eight (38) years old on his alleged onset date. (Tr. 18, Finding 7). Such an individual is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB). *Id.* The ALJ also determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 18, Finding 8).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 14-18, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except he can only occasionally climb ramps and stairs, can never climb ladders, ropes, scaffolds, and can only occasionally balance, stoop, kneel, crouch, and crawl. He cannot perform overhead work and can perform frequent but not constant reaching in all other directions. He must avoid concentrated exposure to temperature extremes, wetness, humidity, fumes, odors, dusts, gases, and poor ventilation. He must avoid all exposure to hazards. He can perform work where interpersonal contact is incidental to the work performed, the complexity of the tasks is learned and performed by rote with few variables and little judgment required, and the supervision required is simple, direct, and concrete.

(Tr. 14-16, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of his PRW. (Tr. 18, Finding 6). The ALJ also evaluated whether there was other

3

work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 18-19, Finding 1). The VE testified at the administrative hearing regarding this issue. (Tr. 19, 63-71). Based upon that testimony, the ALJ determined Plaintiff could perform representative unskilled, sedentary occupations such as production worker or assembler (lamp shade assembler, compact assembler, and fishing reel assembler) with 1,393 such jobs in Arkansas and 92,167 such jobs in the national economy and addressing clerk with 142 such jobs in Arkansas and 24,551 such jobs in the national economy. (Tr. 19). Based upon this finding, the ALJ determined Plaintiff was not under a disability, as defined in the Act, at any time from July 29, 2009 through the date of his decision or through August 2, 2011. (Tr. 19, Finding 11).

Thereafter, on August 11, 2011, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 5-6). On September 2, 2011, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On October 24, 2011, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on October 28, 2011. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 11-12. This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **Discussion:**

Plaintiff raises the following arguments for reversal: (A) the ALJ erred in evaluating the findings of his treating physicians, Dr. George Howell, M.D. and Dr. William Hayes, M.D.; (B) the ALJ erred in evaluating his RFC; and (C) the ALJ erred in evaluating his credibility. ECF No. 11 at 10-20. In response, Defendant argues the ALJ properly evaluated Plaintiff's medical source opinions, the ALJ properly determined Plaintiff's RFC, and the ALJ properly evaluated the credibility of Plaintiff's subjective complaints. ECF No. 12 at 5-15. The Court will address each of the arguments Plaintiff has raised. However, because Plaintiff's first and second arguments raise the same issues regarding the opinions of Plaintiff's treating physicians, the Court will address these arguments together in the first section.

   A.  **Treating Physicians**

Plaintiff argues the ALJ improperly evaluated the opinions of his treating physicians, Dr. Howell and Dr. Hayes. ECF No. 11 at 10-15. Dr. Howell completed two medical source statements, one on April 13, 2010 and one on October 15, 2010. *Id.* Dr. Hayes completed one medical source statement on December 17, 2010. *Id.* The Court will address each of these medical source statements.

Dr. Howell's first medical source statement was completed on April 13, 2010. (Tr. 964). This is a one-page questionnaire. *Id.* In this questionnaire, Dr. Howell reported Plaintiff suffered

6

from frequent migraine headaches that last over ten hours, those migraines only had a "fair" response to medication, and those migraines interfered with Plaintiff's ability to work. *Id.* Defendant argues the ALJ was not required to accept Dr. Howell's findings on this issue because they are not supported by Plaintiff's treatment records. ECF No. 12 at 6-7.

In his opinion, the ALJ disregarded these findings because he found they were not supported by Plaintiff's treatment records: "treatment notes indicate that the claimant has received therapeutic treatment with no evidence of secondary severe debilitation [due to migraines], and the results of CT scans of the claimant's head were normal." (Tr. 16). Based upon the Court's review of the transcript, the ALJ properly made this determination. Indeed, Plaintiff apparently received no treatment for debilitating migraines. (Tr. 16, 451-57, 472, 604-08, 661-82). The ALJ also properly observed Plaintiff's CT scans were normal. (Tr. 16, 575, 678). Accordingly, because Dr. Howell's findings from his April 13, 2010 report were not supported by Plaintiff's treatment records in this case, the ALJ properly discounted those findings. *See Krogmeier v. Barnhart,* 294 F.3d 1019, 1023 (8th Cir. 2002) (holding that "[a] treating physician's opinions must be considered along with the evidence as a whole, and when a treating physician's opinions are inconsistent or contrary to the medical evidence as a whole, they are entitled to less weight").

Dr. Howell completed his second medical source statement on October 15, 2010. (Tr. 531-533). This was a "Physical Residual Functional Capacity Evaluation" that includes three-pages of checklist questions. *Id.* In this report, Dr. Howell found Plaintiff suffers from a number of limitations, would need to take unscheduled breaks during an 8-hour working shift, and would likely be absent from work more than four days per month. *Id.* Defendant argues the ALJ was not required to accept these limitations because they are not supported by Plaintiff's treatment records. ECF No.

7

12 at 7-8.

In his opinion, the ALJ considered Dr. Howell's findings from October 15, 2010. (Tr. 17). Notably, the ALJ discounted Dr. Howell's findings for the following reasons:

> The undersigned has considered the physical residual functional capacity evaluation completed on October 15, 2010, by Dr. Howell (Exhibit B19F) and notes that the primary disabling aspect of his opinion is that he opines the claimant will need to take unscheduled breaks during an 8-hour shift and would be absent from work more than four days per month. However, with regard to his opinion that the claimant will need to take unscheduled breaks and miss more than four days per month, the undersigned finds nothing in any of Dr. Howell's medical notes or in the medical evidence of record as a whole to supports [support] those severe limits. Accordingly, the undersigned assigns no weight to Dr. Howell's opinion in that regard.

*Id.* Upon review of the record in this case, the Court finds the ALJ properly determined Dr. Howell's findings were not supported by his treatment notes. (Tr. 457, 472). Further, there is no indication the other medical records support these limitations, and Plaintiff has not referenced any additional medical records from the relevant time period supporting these limitations. (Tr. 235-436, 475-94, 500-29, 534-963, 969-1007). Thus, based upon this review, the Court finds the ALJ properly evaluated Dr. Howell's findings. *See Krogmeier,* 294 F.3d at 1023.

Dr. Hayes completed a medical source statement on December 17, 2010. (Tr. 966-968). As with Dr. Howell's second report, this was merely a three-page checklist report. *Id.* In this report, Dr. Hayes found Plaintiff suffers from a number of limitations, would need to take unscheduled breaks during an 8-hour working shift, and would likely be absent from work more than four days per month. *Id.* Defendant argues the ALJ was not required to accept these limitations because they are not supported by Plaintiff's treatment records. ECF No. 12 at 8-9.

The ALJ considered the findings of Dr. Hayes in his opinion and discounted them:

> The undersigned has also considered the physical residual functional capacity evaluation evidence completed on December 17, 2010, by Dr. William Hayes

>   (Exhibit B28F) and notes that, similar to Dr. Howell, the primary disabling aspect of his opinion is that he opines the claimant will need to take unscheduled breaks during an 8-hour shift and would be absent from work more than four days per month. However, with regard to his opinion that the claimant will need to take unscheduled breaks and miss more than four days per month, the undersigned also finds no objective evidence in any of Dr. Hayes' medical notes or the medical evidence of record as a whole to support those severe limits. Accordingly, the undersigned also assigns no weight to Dr. Hayes' opinion in that record.

(Tr. 18). As noted above, the ALJ discounted the findings of Dr. Hayes for the same reasons he discounted the findings of Dr. Howell. Notably, there is no objective evidence in Dr. Hayes's medical notes that support his opinion. (Tr. 18, 965-68). In addition, there has been no demonstration of any medical evidence from the relevant time period supporting these alleged limitations. (Tr. 18, 235-436, 475-94, 500-529, 534-963, 969-1007). Thus, as with Dr. Howell's findings, the ALJ was not required to accept the findings of Dr. Hayes. *See Krogmeier,* 294 F.3d at 1023.

### B.    Credibility Determination

Plaintiff claims the ALJ erred in evaluating the credibility of his subjective complaints. ECF No. 11 at 19-20. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[4] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side

---

[4] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ performed a proper *Polaski* analysis.  Notably, the ALJ summarized Plaintiff's subjective complaints, including his allegation that "he is unable to work due to pain and limited ability to use his arms, hand, and legs." (Tr. 15).  The ALJ then considered a number of the *Polaski* factors*,* including Plaintiff's daily activities (Tr. 14) and Plaintiff's medications. (Tr. 16-18).  The ALJ also noted Plaintiff failed to seek further treatment despite his

alleged level of disabling pain, and Plaintiff failed to seek follow-up treatment despite his alleged disability. (Tr. 16-17). These findings are sufficient to support the ALJ's credibility determination.[5] *See Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008) (holding that "[Q]uestions of credibility are for the [ALJ] in the first instance. If an ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so, we will normally defer to that judgment") (citation omitted). *See also Casey v. Astrue,* 503 F.3d 687, 695 (8th Cir. 2007) (noting that a discussion of every *Polaski* factor need not be included in the ALJ's opinion).

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 8th day of November 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[5] Plaintiff claims the ALJ also erred in failing to consider his consistent work history. ECF No. 11 at 20. Upon review, Plaintiff does have a consistent work history, having worked regularly from approximately 1992 until 2007. (Tr. 149). However, this fact alone does not support a finding that the ALJ improperly evaluated Plaintiff's subjective complaints. Thus, the Court declines to reverse the ALJ's decision on this basis.